UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WELLS FARGO BANK, N.A., as certificate
trustee (not in its individual capacity but solely
as certificate trustee), in trust for registered
Holders of VNT Trust Series 2010-2,

                              Plaintiff,

              – against –

BEVERLY TAFFE a/k/a BEVERLY E. TAFFE,
PHYLLIS TAFFE, INTERNATIONAL FIDELITY
INSURANCE COMPANY c/o TOPPER
BROKERAGE,
                         Defendants.
-------------------------------------------------------------------X

For Online Publication Only
**FILED**
**CLERK**

1/28/2016 4:07 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**REMAND ORDER**
15-CV-949 (JMA) (AKT)

**JOAN M. AZRACK, District Judge:**

On February 13, 2015, *pro se* defendant Beverly Taffe ("defendant") filed a Notice of

Removal seeking to remove to this Court a foreclosure action that had been commenced on August

29, 2011 in the New York State Supreme Court, Nassau County, Index No. 12578/2011, together

with an application to proceed *in forma pauperis*. On March 13, 2015, plaintiff Wells Fargo Bank,

N.A. ("Wells Fargo") filed a pre-motion conference letter concerning a motion to remand this action

back to state court. In an order dated March 23, 2015, the Court informed the parties that the Court

is construing Wells Fargo's March 13, 2015 letter as a motion to remand and directed defendant to

respond by April 3, 2015. Defendant filed an opposition to the motion on April 2, 2015. On April

9, 2015, defendant filed a federal civil rights suit against various parties, including Wells Fargo and

Wells Fargo's counsel in the foreclosure action. See Taffe v. Wells Fargo Bank, No. 15-cv-1962-

JMA-AKT (E.D.N.Y.).

For the reasons that follow, defendant's application to proceed *in forma pauperis* is

GRANTED for the limited purpose of this order and the matter is hereby REMANDED to the New

York State Supreme Court, Nassau County.

## I.        Plaintiff's Motion to Remand

The removal statute, 28 U.S.C. § 1446 requires that a defendant removing an action to federal court must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders. . . ."  28 U.S.C. § 1446(a).  In addition, a "notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court . . . whichever period is shorter."  28 U.S.C. § 1446(b).

Here, defendant's notice of removal was not timely filed.  Defendant seeks to remove this case some four and a half years after it was filed in state court on August 29, 2011.  This procedural defect necessitates remand.  See 28 U.S.C. § 1446(b).  While not jurisdictional, the thirty-day period for removal contained in section 1446(b)(1) is "rigorously enforce[d]" by courts absent a finding of waiver or estoppel.  Somlyo v. J. Lu–Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991), superseded on other grounds by rule as stated in Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008); Spencer v. Duncaster, Inc., 54 F. Supp. 3d. 171, No. 14-CV-01189 (JAM), 2014 WL 5242874 (D. Conn. Oct. 15, 2014) ("To remove a case from state court to federal court, a defendant must act quickly. Within 30 days of receiving a document first alerting a defendant that a federal court would have subject-matter jurisdiction over a state court case, a defendant must file a notice of removal - - or else the right to remove is forever lost."); Citibank, N.A. v. Swiatkowski, No. 12-CV-0196(JFB), 2012 WL 542681, *3 (E.D.N.Y. Feb. 21, 2012) ("Because [defendant's] removal occurred more than thirty days after service of the eviction petition, the removal is untimely and the

Court must remand this proceeding.") (citation omitted).

In her opposition, plaintiff argues, among other things, that the Court should deny plaintiff's motion because this foreclosure action should be consolidated with her federal civil rights suit. The Court has considered all of plaintiff's arguments against remand and finds them meritless. Accordingly, this case is remanded to New York State Supreme Court, Nassau County.

## II.    The Parties' Recent Letters to the Court

On October 27, 2015, while the instant motion to remand was pending, Wells Fargo filed a letter with the Court stating that, "on February 9, 2015, prior to Defendant removing the State Foreclosure Action to Federal Court, Plaintiff filed a motion for a judgment of foreclosure and sale with the State Court." (Wells Fargo's Oct. 27, 2015 Ltr. at 2.) On September 21, 2015, the state court granted that motion, which was unopposed. (Id.) Wells Fargo's October 27, 2015 letter represents that "[u]pon notice of the State Court's decision, Plaintiff inquired with the Nassau County Clerk and was advised that the State Court had no record of Defendant's removal . . . ."[1]

(Id.)

Shortly after filing her notice of removal with this Court, defendant filed a certificate of service with this Court in which she declared that she personally served the Clerk of Supreme Court, Nassau County, on February 17, 2015. However, the publicly available electronic docket for the

---

[1] Nothing in the record indicates that Wells Fargo had any contact with the state court between the filing of the motion for judgment of foreclosure in February 2015 and the state court's grant of the unopposed motion on September 21, 2015. The Court notes that the publicly available electronic docket for the state court foreclosure action indicates that Wells Fargo's motion for judgment of foreclosure was filed on February 19, 2015 (not February 9, 2015). In any event, there is no evidence that Wells Fargo filed this motion in state court after receiving a copy of the notice of removal. In an affidavit of service filed with this Court, defendant attests that, using certified mail, she mailed a copy of the notice of removal to Wells Fargo's counsel on February 18, 2015. Given that the purported mailing occurred on February 18, it is highly unlikely that Wells Fargo would have received this notice before it filed its notion on February 19. Moreover, the Court notes that defendant has not provided the Court with any documentation from the post office showing when her certified mailing was delivered to Wells Fargo's counsel.

state foreclosure action does not indicate that any notice of removal was filed with the state court.

In response to Wells Fargo's October 27 letter, defendant filed a letter, on November 5, 2015, stating she served the state court with the notice of removal on February 17, 2015, as evidenced by the certificate of service she filed in this Court.[2]  (Def.'s Nov. 5, 2015 Ltr.)  In the November 5, 2015 letter, defendant asserts that the state court's September 21, 2015 is void.  (Id.)  The letter continues:

> "[the September 21] ruling subjects the state court to a motion and counsel for Wells [Fargo] who knew of this event as shown by their letter, to disciplinary sanctions . . . for proceeding 'with knowledge that a removal has been enacted' and for a motion to set aside and vacate this order as clear error nunc pro tunc, or by noticed motion. The NY Supreme Court acting without authority could not have made any effective ruling or order in light of the status of this Removed case.  Its effect will be challenged."

(Id. (emphasis added).)

Defendant, however, never filed the motions discussed in this letter.  Because this action is being remanded to state court and defendant has not filed any motion in this Court, this Court does not need to address whether the state court had jurisdiction to enter the September 21 judgment.[3]

## II.    Conclusion

For the reasons set forth above, this action is hereby REMANDED to the New York State Supreme Court, Nassau County.  The Clerk of the Court is directed to mail a copy of this order

---

[2] Defendant has not provided this Court with any documentary proof that she filed the notice of removal in state court, such as a copy of the notice stamped, as received, by the state court clerk.

[3] Even if defendant had filed a motion to vacate the state court judgment, comity concerns would weigh in favor of allowing the state court to address such a motion given that this case is being remanded. Cf. United Traffic Consultants, Inc. v. Premium Logistics, Inc., No. 01-CV-1324, 2001 WL 34039477, at *5 (D. Or. Nov. 16, 2001) (report and recommendation) (noting that, as a matter of comity, the federal court considered requiring defendant, who had removed the action, to file its motion to vacate a state court judgment in state court, but ultimately decided not to do so where the federal court denied motion to remand and the state court would not have had jurisdiction to address the motion).

to *pro se* defendant and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

Dated:  January 28, 2016
        Central Islip, NY

5